UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-392-JAR |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. No. 7) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

Plaintiff is a corrections officer employed by Defendant Missouri Department of Corrections ("MDOC") at South Central Correctional Center. (Compl., Doc. No. 1, ¶ 5) As a member of the Missouri Corrections Officers Association ("MOCOA"), Plaintiff is covered by the terms of a collective bargaining agreement ("CBA") between MOCOA and MDOC. Pursuant to the terms of the Agreement, MDOC must comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., with regard to the accrual of overtime.[1] (Compl., ¶¶ 6-8) Plaintiff alleges that beginning some time in 2009, Defendants implemented a program requiring its correctional officers to take "flextime" in lieu of overtime pay or compensatory time off. (Compl., ¶¶ 9-11)

---

[1] The FLSA requires covered employers to pay employees overtime wages at one and one-half times their regular rate of pay for each hour worked in excess of forty hours during a standard seven-day workweek. 29 U.S.C. § 207(a)(1).

Plaintiff filed a complaint with Defendants regarding the "flextime program" and alleges that as a result, he has been retaliated against by being denied promotions with the MDOC, monetary and/or employee benefits, and by being subjected to threats and ridicule. (Compl., ¶¶ 12, 14) Plaintiff seeks certification of a collective action under the FLSA, injunctive relief, damages for unpaid wages in violation of the FLSA and the CBA, and damages for retaliation under the FLSA.

**Legal Standard**

The standards governing motions to dismiss are well-settled. A complaint will not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. Syndicated Office Systems, Inc. v. Guardian Life Ins. Co. of America, 2006 WL 1520635, at *2 (E.D.Mo May 31, 2006)(citing Breedlove v. Earthgrains Banking, 140 F.3d 797, 799 (8th Cir.1998) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), a court assumes all material facts alleged in the complaint are true. Davis v. Monroe City Bd. of Educ., 526 U.S. 629, 633 (1999). A court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the complaint." McMorrow v. Little, 109 F.3d 432, 434 (8th Cir.1997); see also Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir.2002). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the

plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

**Discussion**

**Eleventh Amendment immunity**

In support of their motion, Defendants argue that as a state agency, MDOC is immune from Plaintiff's FLSA claims under the Eleventh Amendment, citing Raper v. State of Iowa, 115 F.3d 623, 623-24 (8th Cir. 1997) and Moad v. Arkansas State Police Department, 111 F.3d 585, 586-87 (8th Cir. 1997). (Mem. in Supp., Doc. No. 8, p. 4) The Eleventh Amendment provides that the jurisdiction of the federal courts does not extend to suits brought in federal court for money damages against a state. In addition, Plaintiff's claims against Defendant Lombardi, Director of MDOC, should be dismissed because suits against state officials in their official capacity are considered suits against the state. (Id., p. 4-5) (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985); Frazier v. Courter, 958 F. Supp. 252, 253-54 (D. W.Va. 1997) (dismissing FLSA claim against state official)).

Plaintiff responds that by entering into a collective bargaining agreement incorporating the provisions of the FLSA, MDOC has constructively waived its Eleventh Amendment immunity and consented to suit. Plaintiff relies on Parden v. Terminal Ry., 377 U.S. 184 (1964) and Briggs v. Sagers, 424 F.2d 130 (10th Cir. 1970).[2] (Mem. in Opp., Doc. No. 10, pp. 2-3)

---

[2] In Parden, the Court held that by operating an interstate railroad twenty years after Congress enacted the Federal Employers' Liability Act (FELA), the state of Alabama had impliedly consented to being sued in federal court by its injured railroad employees on FELA claims. Relying on Parden, the court in Briggs held that the state of Utah waived its immunity on FLSA claims by operating a mental institution in the face of the 1966 amendments to the Act extending minimum wage and maximum hours provisions to employees of that institution.

States have constitutional sovereign immunity under the Eleventh Amendment against claims by individuals seeking to assert claims under the FLSA. Alden v. Maine, 527 U.S. 706 (1999); see also, Raper, 115 F.3d 623 (Congress lacked power to abrogate state's Eleventh Amendment immunity when it enacted FLSA); Moad, 111 F.3d 585 (in enacting FLSA, Congress had no power under Interstate Commerce Clause to abrogate state's Eleventh Amendment immunity). This immunity extends to state agencies and state officers acting in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 167 (1985). Eleventh Amendment immunity is not, however, absolute. See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). A party may sue the state only if Congress has validly abrogated the state's immunity or if the state has waived its immunity. See id.; Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1301 (11th Cir.2007).

Congress has not validly abrogated Eleventh Amendment immunity in FLSA cases.[3] See Powell v. State of Florida, 132 F.3d 677, 678 (11th Cir. 1998) (affirming dismissal of FLSA claim for unpaid wages against state based on Eleventh Amendment immunity); see also Mills v. Maine, 118 F.3d 37, 48–49 (1st Cir.1997) (rejecting argument that Congress properly abrogated state immunity under FLSA); Abril v. Virginia, 145 F.3d 182, 184 (4th Cir.1998) (affirming dismissal

---

[3] The Supreme Court's decisions in Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996) and Alden v. Maine, 527 U.S. 706 (1999), effectively invalidate the FLSA's private right of action as applied against state agencies. Rodriguez v. Puerto Rico Fed. Affairs Admin., 435 F.3d 378, 378–379 (D.C.Cir.2006). In Seminole Tribe, the Supreme Court held that Article I did not give Congress authority to divest States of sovereign immunity from suit in federal court. Seminole Tribe, 517 U.S. at 72–73. Three years later in Alden, which involved FLSA section 16(b), the Supreme Court extended Seminole Tribe to suits brought in state court. Alden, 527 U.S. at 754. Read together, Seminole Tribe and Alden mean that state employees no longer have any "court of competent jurisdiction," 29 U.S.C. § 216(b), in which to sue their employers for FLSA violations. Rodriguez, 435 F.3d at 380.

4

of FLSA wage and overtime action by state prison employees); Wilson–Jones v. Caviness, 99 F.3d 203, 206–11 (6th Cir.1996) (barring action by state employees under FLSA); Raper, 115 F.3d at 624 (affirming dismissal of FLSA action by state employees for unpaid overtime); Quillin v. Oregon, 127 F.3d 1136, 1138–39 (9th Cir.1997) (holding federal courts lack jurisdiction over FLSA overtime claims against states absent waiver of immunity). Although these cases involved wage and/or overtime FLSA claims, the same rationale and result is reached with regard to FLSA retaliation claims. See Mun v. Univ. of Alaska, 291 Fed.Appx. 115, 116–17 (9th Cir.2008) (unpublished); Tittl v. Ohio Dep't of Mental Health, 2008 WL 731035, at *4-5 (N.D.Ohio, Mar. 17, 2008) (granting summary judgment in favor of defendant on plaintiff's FLSA and FLSA retaliation claims on the basis of sovereign immunity); Bornick v. Sondalle, 179 F.Supp.2d 941, 949 (E.D.Wis. Nov. 20, 2001) (finding that employee's FLSA retaliation claim against state employee was barred by Eleventh Amendment).

Furthermore, contrary to Plaintiff's argument, the Supreme Court has expressly rejected the theory that a state may impliedly or constructively waive sovereign immunity. See, College Sav. Bank, 119 S.Ct. 2219 and Welch v. Texas Dept. of Highways and Public Transp., 483 U.S. 468 (1987) (overruling Parden, 377 U.S. 184). In addition, Briggs has been called into doubt in that it predates both Seminole Tribe, which expressly rejected Parden's theory of implied consent to suit on which the Briggs court relied, and Welch's imposition of a plain statement requirement that was not then or later met in respect of FLSA suits. Abril, 145 F.3d at 190 n. 16.

Thus, the Court concludes that Plaintiff's FLSA claims are barred because Defendants are immune from suit under the Eleventh Amendment and the exceptions to such immunity do not apply. Even if Plaintiff's claims are not barred by the Eleventh Amendment, they would still fail on

5

the merits, as discussed below.

**Wage and hour claim not cognizable under FLSA**

In his complaint, Plaintiff alleges he was required "to use up any overtime accrued during the same payroll period of such accrued" and was given "no other option than to take off work so that neither compensatory time could be accrued nor that overtime wages would be paid." (Compl., ¶¶ 10-11) (Mem. in Supp., pp. 6-7) However, the FLSA does not prevent employers from managing employee work schedules during the week to prevent the accrual of federal overtime. See Christensen v. Harris County, 529 U.S. 576, 585-86 (2000) (citing 29 U.S.C. § 207(o)). See also, Local 889, American Federal of State, County, & Municipal Employees, Council 17 v. Louisiana, 145 F.3d 280, 284-86 (5th Cir. 1998) (state may require corrections officers requesting leave to deplete accrued balances of federal overtime prior to using state vacation time). Thus, Plaintiff's claim is not cognizable under the FLSA.

**Injunctive relief**

Plaintiff seeks to enjoin Defendants from further implementation or use of the flextime program against him and others similarly situated. Defendants argue Plaintiff's claim for injunctive relief should be dismissed because only the Secretary of Labor is authorized to seek an injunction under the FLSA, citing Barrentine v. Arkansas-Best Freight Systems, Inc., 750 F.2d 47, 51 (8th Cir. 1984) and Kayser v. Southwestern Bell Telephone Co., 912 F.Supp.2d 803, 807 (E.D. Mo. 2012) (citing 29 U.S.C. § 211). (Mem. in Supp., p. 7) In response, Plaintiff relies on Ex parte Young, 209 U.S. 123 (1908), which held that the Eleventh Amendment does not bar suits against state officials in their official capacity for prospective injunctive relief from ongoing violations of federal law. (Mem. in Opp., p. 5)

Where a federal statutory scheme evidences an implicit or explicit intent to exclude Ex parte Young actions, such claims are barred. Union Electric Co. v. Missouri Department of Conservation, 366 F.3d 655, 658 (8th Cir. 2004). See also Seminole Tribe, 517 U.S. at 74 (holding that existence of a detailed remedial scheme shows Congressional intent to prohibit recourse to the Ex Parte Young fiction).

The FLSA has been interpreted as precluding an employee's access to injunctive relief to enforce prospectively the provisions of the FLSA. Frazier, 958 F.Supp. at 254 (citing Lorillard v. Pons, 434 U.S. 575, 581 (1978) (citing cases so interpreting the FLSA)). In Barrentine, the Eighth Circuit characterized the FLSA's enforcement provisions as a "comprehensive statutory enforcement scheme" which did not encompass a private litigant's right to injunctive relief.[4] 750 F.2d at 51. Other circuits also have found that only the Secretary of Labor has authority to bring actions to restrain violations of the FLSA. Frazier, 958 F.Supp. at 254 (citing Powell v. Wash. Post Co., 267 F.2d 651, 652 (D.C.Cir.1959); Roberg v. Henry Phipps Estate, 156 F.2d 958, 963 (2d Cir.1946); Bowe v. Judson C. Burns, Inc., 137 F.2d 37, 39 (3d Cir.1943); see also Marchak v. Observer Publications, Inc., 493 F.Supp. 278, 280–81 (D.R.I.1980) (dismissing plaintiff's

---

[4] "Congress has framed various remedial measures for implementation and furtherance of its declared policies in the FLSA. Under 29 U.S.C. § 216(b), employees may maintain an action on their own behalf against an employer for unpaid wages and liquidated damages. Subsection (c) of § 216 authorizes the Secretary of Labor to bring suit on behalf of employees who request assistance to recover unpaid wages, provided the case does not involve an issue of law not finally settled by the courts. The right of employees to resort to legal action on their own behalf terminates 'upon the filing of a complaint by the Secretary of Labor in an action under § 217 of this title.' 29 U.S.C. § 216(b). Section 217, entitled "Injunction proceedings," grants the district courts jurisdiction to restrain violation of provisions of the FLSA, including the minimum wage provision. Title 29 U.S.C. § 211(a) provides that "[e]xcept as provided in section 212 of this title [relating to child labor], the Secretary of Labor shall bring all actions under section 217 of this title to restrain violations of this chapter." Barrentine, 750 F.2d at 51.

7

complaint in part and finding that the Secretary of Labor has exclusive authority to bring actions to restrain violations of the FLSA); Billiot v. Toups Marine Transp., Inc., 465 F.Supp. 1265, 1267 (E.D.La.1979) (finding that an employee may only sue for back wages and liquidated damages and may not utilize enforcement mechanisms reserved to the Secretary of Labor).

Because the remedial scheme of the FLSA does not authorize private individuals to bring claims for injunctive relief, Plaintiff cannot proceed against Defendant Lombardi.

**Claim under CBA**

In his complaint, Plaintiff alleges that Defendants refuse to comply with FLSA's overtime provisions pursuant to the terms of the CBA with his union and continue to require correctional officers, including Plaintiff, to take "flextime" in lieu of compensatory time or payment of overtime. (Compl., ¶ 13) To the extent Plaintiff is asserting a claim under the CBA, such claim falls under section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Mem. in Supp., p. 8) Because states and their political subdivisions are not "employers" for purposes of section 301(a), this Court lacks subject matter jurisdiction to hear Plaintiff's claims under the CBA.[5] Ayres v. International Brotherhood of Electrical Workers, 666 F.2d 441,

---

[5] Defendants further argue that even if MDOC was a covered "employer" under the LRMA, Plaintiff's contract claim fails because he has not alleged that MOCOA breached its duty of fair representation. See Bills v. U.S. Steel LLC, 267 F.3d 785, 787 (8th Cir. 2001) ("The law is well settled that [employee's] invocation of jurisdiction under 301(a) of the [LMRA] required him to allege and prove that [his union] breached its duty of fair representation"). In response, Plaintiff seeks leave to amend his pleadings. (Mem. in Opp., pp. 5-6) Plaintiff does not detail the substance of any amendment, and no formal motion has been filed. Based on the Court's ruling herein, any amendment to the claims included in Plaintiff's complaint would be futile. See Bohanna v. Hartford Life & Acc. Ins. Co., 848 F.Supp.2d 1009, 1015 (W.D. Mo. 2012) (A motion for leave to amend should be denied on the basis of futility where the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

442 (9th Cir. 1982) (citing 29 U.S.C. § 152(2)). See also, Baumgart v. Stony Brook Children's Service, P.C., 249 Fed. Appx. 851 (2d Cir.2007) ("[T]he LMRA does not confer federal jurisdiction over labor disputes among states, their employees, and the unions who represent them."). Further, the Court finds no basis under the FLSA for Plaintiff's challenge to the flextime program. Even if Plaintiff was required to take time off work or use up accrued federal overtime as leave rather than be paid in cash, such requirements do not violate the FLSA. Christensen, 529 U.S. at 585-86. In the absence of a FLSA violation, there can be no claim for violation of the CBA.

**Retaliation**

Finally, Plaintiff alleges that after exhausting unspecified "administrative remedies," he filed a complaint with Defendants regarding the flextime program which resulted in retaliation. Plaintiff alleges he has been denied promotion within MDOC, denied monetary and employee benefits, and subjected to threats and ridicule. (Compl., ¶¶ 12, 14) As discussed above, nothing in the FLSA prohibits Defendants from limiting Plaintiff's hours or requiring him to take leave in lieu of federal overtime pay. Christensen, 529 U.S. at 585-86. Because his complaint regarding the flextime program did not assert any rights protected by the FLSA, Plaintiff fails to state a prima facie case of retaliation under the FLSA.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be granted.

Accordingly,

9

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [7] is **GRANTED**. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this <u>19th</u> Day of March, 2014.

                                                  **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**